IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Lamont Barnette, ) | C/A No.: 1:23-4014-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER AND NOTICE |
| ) | |
| South Carolina SLED Agency, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Samuel Lamont Barnette ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against South Carolina SLED Agency ("SLED"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff alleges on April 9, 1993, SLED "placed into [his] record file that [he] was convicted of the offenses of 1st degree burglary and criminal sexual conduct." [ECF No. 1 at 6]. More specifically, Plaintiff claims on his 19th birthday, he was illegally transported from the South Carolina Department of Youth Services to the South Carolina Department of Corrections ("SCDC") after he "had already maxed out an 18-48 months' sentence for the same two offenses." *Id.* at 7. Plaintiff alleges he was never sentenced by a court, but instead was "falsely accused and sentenced by SLED." *Id.* He alleges he "did

another year, 7 months at Broad River and 5 months at Lee with 11 months of parole," and had to register as a sex offender. *Id.* He claims there are no court records related to April 9, 1993, but that it is on his juvenile record, but not his adult. *Id.*

Plaintiff claims he has experienced 30 years of stress and requests $1,500,000 for each month these offenses have been on his record. *Id.* at 8. He further requests his entire adult record be expunged. *Id.*

II.   Discussion

    A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A

federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    SLED is not a Person

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." In this case, Plaintiff sues SLED, which is not a "person" subject to

3

suit under § 1983. A sheriff's department, detention center, state agency, or task force is a group of officers or buildings that is not considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Accordingly, SLED is not subject to summary dismissal.

       2.     Plaintiff's Claims Appear Barred by *Heck*

To the extent Plaintiff is bringing a claim for damages related to his conviction, his claim is barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court stated the following:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

4

*Id.* at 486–87.

In addressing a claim for damages, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. To the extent Plaintiff is challenging convictions,[1] judgment in his favor in this case would necessarily imply the invalidity of his convictions. Because Plaintiff fails to demonstrate he has successfully challenged these convictions and sentences, *Heck* bars his claims.

        3.     Statute of Limitations

Additionally, Plaintiff's complaint is subject to dismissal based on the statute of limitations. *See* S.C. Code Ann. § 15-3-530 (establishing a three-year statute of limitations for claims of false arrest); S.C. Code Ann. § 15-3-550) (establishing a three-year statute of limitations for claims of false imprisonment); S.C. Code Ann. § 15-3-530(5); *see also Williams v. City of Sumter Police Dep't*, No. 3:09-2486-CMC-PJG, 2011 WL 723148, at *3 (D.S.C. Feb. 23, 2011) (concluding the plaintiff had three years within which to file his § 1983 action). Therefore, it appears Plaintiff's claims are also subject to

---

[1] Although Plaintiff alleges there is no court conviction, SLED does not have the power or authority to convict or sentence Plaintiff without a court conviction.

5

dismissal based on the applicable statute of limitations. "[I]n evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense sua sponte when the face of the complaint plainly reveals the existence of such defense." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006).

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **September 28, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the district judge dismiss the complaint without leave for further amendment.

IT IS SO ORDERED.

September 7, 2023  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge