IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Samuel Lamont Barnette,<br><br>     Plaintiff,<br>vs.<br><br>South Carolina SLED Agency,<br><br>     Defendant. | Civil Action No. 1:23-cv-4014-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's Amended Complaint. ECF No. 19. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On December 1, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Complaint be summarily dismissed without prejudice and without leave for further amendment. ECF No. 21. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff timely filed objections. ECF No. 23.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that

"in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Amended Complaint be dismissed for three reasons: because SLED is not a person amenable to suit under § 1983; because Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and because the statute of limitations has expired. ECF No. 21 at 3-5. Plaintiff objects, apparently to the Magistrate Judge's conclusions regarding *Heck* and the statute of limitations. ECF No. 23. He asserts he could not file a post-conviction relief action to challenge his convictions in order to avoid the *Heck* bar, he was not put on notice of the defects he alleges that would trigger the running of the statute of limitations, and the statute of limitations "should be over-looked or barred from this case, pending an investigation." *Id.* at 1. He also asserts this court failed to retrieve his records in order to investigate his allegations regarding adult offenses placed on his state criminal record.

Plaintiff does not appear to object to the Magistrate Judge's finding that Defendant SLED is not a person amenable to suit under § 1983. This court agrees the suit cannot proceed against this Defendant as pled, and Plaintiff does not reference any other defendant amenable to suit under this provision. Accordingly, because this lawsuit cannot proceed against the sole Defendant under § 1983, and Plaintiff made no reference to any other possible defendant or cause of action, it must be dismissed.

Plaintiff's objections to the findings regarding *Heck* and the statute of limitations are superfluous and need not be addressed by this court; however, the court would overrule these

2

objections. Plaintiff seeks damages based on an allegedly unconstitutional conviction or sentence, but he has not shown the subject conviction or sentence was reversed or otherwise declared invalid or called into question. The § 1983 claim for damages is therefore not cognizable. Regarding the statute of limitations, Plaintiff asserts he was not put on notice by SLED that it was "placing illegal documents inside of my adult file/record which would've given me a statute of limitations to file a civil case and investigate." ECF No. 23 at 1. However, the court agrees with the Magistrate Judge Plaintiff had a responsibility to investigate his additional sentence when he began serving it, approximately 30 years ago. Finally, it is not the court's responsibility to investigate Plaintiff's allegations or retrieve any of his files from SLED, Lancaster County, or other agencies.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's objections, the court agrees with the Report's recommendation the matter should be summarily dismissed. Accordingly, the court adopts the Report by reference in this Order. This matter is hereby dismissed without prejudice and without opportunity for further amendment.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
December 20, 2023